

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 0087X

WENDY GILLETTE,

                      Plaintiff,

-against-

HILTON HOTELS CORPORATION,

                      Defendant.

Docket No.:

**NOTICE OF
REMOVAL**

JAN 2 4 2008
U.S.D.C. S.D.N.Y.

————————————————X

## TO THE HONORABLE JUDGES OF THE UNITED STATES
## DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

The Petitioner, HILTON HOTELS CORPORATION, defendant in the above entitled action, by its attorneys, WHITE, FLEISCHNER & FINO, LLP, respectfully shows this Court:

1.      The petitioner is the defendant in the instant action.

2.      This action was commenced by the filing of a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York, on or about July 12, 2007 . Annexed hereto as **Exhibit "A"** is a copy of this pleading.

3.      Defendant served an Answer to Plaintiffs' Complaint on November 13, 2007. Along with its Answer, Defendant also served Plaintiff with a Demand for Relief. Annexed hereto as **Exhibit "B"** is a copy of Defendant's Answer and the Demand for Relief.

4.      On or about January 10, 2008, Plaintiff provided a formal demand for relief, requesting 5 Million dollars in damages. A copy Plaintiff's Demand for Relief, as well as the envelope indicating the date of service, are attached here as **Exhibit "C"**.

5.     Plaintiff in the above captioned matter claims to have sustained personal injuries on March 13, 2007, when she fell on or near premises allegedly owned or operated by defendant.

6.     This Court has original jurisdiction of this civil action pursuant to 28 USC §1332 because there is complete diversity in the matter and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7.     Defendant HILTON HOTELS CORPORATION, LLP is a Delaware corporation with its principal place of business in California.

8.     Plaintiff is a resident of New York, New York.

WHEREFORE, petitioner prays that the instant action now pending before the Supreme Court of the State of New York, County of New York, be removed therefrom to the United States District Court for the Southern District of New York and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 24, 2008

                                        Yours, etc.,

                                        WHITE FLEISCHNER & FINO, LLP

                                        By:  _____
                                             DANIEL M. STEWART (DS 7989)
                                        Attorneys for Defendant
                                        61 Broadway, 18th Floor
                                        New York, New York 10006
                                        (212) 487-9700
                                        Our File No.: 105-13049-D-PAF/DMS

TO:     (See Attached Affidavit)

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

WENDY GILLETTE,

      Plaintiff,

   -against-

HILTON HOTELS CORPORATION,

      Defendant,

-------------------------------------------------------------X

**SUMMONS** 07-111617
8/13/07

Plaintiff(s) designate
New York County as the
place of trial.

The basis of the venue is
plaintiff's residence

Plaintiff(s) reside at
349 West 29th Street
Apartment 1B
New York, NY 10001

Index No.:
Date Summons &
Complaint Filed:

To the above named Defendant(s)

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Great Neck, New York
          July 12, 2007

                        Yours, etc,

                        By:_____
                        Fred R. Rosenthal
                        **Parker & Waichman, LLP**
                        *Attorneys for Plaintiff(s)*
                        *Office & Post Office Address:*
                        111 Great Neck Road, Suite 101
                        Great Neck, New York  11021
                        (516)466-6500
                        Our File # 716327

TO:
HILTON HOTELS CORPORATION
c/o United States Corp. Company
80 State Street
Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
WENDY GILLETTE,

       Plaintiff,

    -against-

HILTON HOTELS CORPORATION,

       Defendant,
----------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

       Plaintiff, by her attorneys,    **PARKER WAICHMAN ALONSO, LLP** , complaining of the defendant herein, respectfully shows to this Court, and alleges as follows:

       1.  That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of New York, and State of New York.

       2.  That at all times hereinafter mentioned and upon information and belief, the defendant Hilton Hotels Corporation was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

       3.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

       4.     That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

5.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, owned the premises known as Hilton Phuket Arcadia Resort & Spa located at 333 Patak Road, Karon Beach, Muang, Phuket, Thailand 83100.

6.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, operated the aforesaid premises.

7.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, managed the aforesaid premises.

8.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, controlled the aforesaid premises.

9.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, maintained the aforesaid premises.

10.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, repaired the aforesaid premises.

11.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, inspected the aforesaid premises.

12.  That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, supervised the aforesaid premises.

13.  That on March 13, 2007, defendant Hilton Hotels Corporation, operated a hotel on the aforesaid premises and invited members of the general public to rent rooms in the hotel for a fee.

PARKER & WAICHMAN, 111 GREAT NECK ROAD, 1ST FLOOR, GREAT NECK, N.Y. 11021-5402

14.    On March 13, 2007, a dangerous and defective condition existed on the aforesaid premises.

15.    That the defendant had actual notice of the dangerous and defective condition.

16.    That the defendant had constructive notice of the dangerous and defective condition.

17.    That the defendant caused and created the aforesaid dangerous and defective condition.

18.    On March 13, 2007, plaintiff, **WENDY GILLETTE,** was a hotel guest on the aforesaid premises known as Hilton Phuket Arcadia Resort & Spa located at 333 Patak Road, Karon Beach, Muang, Phuket, Thailand 83100.

19.    On March 13, 2007, plaintiff, **WENDY GILLETTE** was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendant.

20.    On March 13, 2007, while plaintiff **WENDY GILLETTE** was lawfully present on the aforesaid premises, plaintiff was caused to be injured due to the dangerous and defective condition and sustain severe and permanent injuries.

21.    The above mentioned occurrence and the results thereof were caused by the negligence of the defendant and/or said defendant's servants, agents, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

22.    That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

<u>3</u>

23.     That because of the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

24.     That by reason of the foregoing, plaintiff, **WENDY GILLETTE,** has been damaged in an amount which exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, **WENDY GILLETTE** , demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of these actions.

Dated:    Great Neck, New York
          July 12, 2007

Yours, etc.

FRED R. ROSENTHAL
**Parker Waichman Alonso, LLP**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
111 Great Neck Road, Suite 101
Great Neck, New York  11021
(516)466-6500
Our File # 716327

4

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF    NASSAU                    SS.:


_____WENDY GILLETTE_____ being duly sworn deposes and says:

I am              the plaintiff(s) herein; I have read the annexed SUMMONS AND VERIFIED
COMPLAINT    and know the contents thereof and the same are true to my knowledge, except for those
matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them
to be true.


x/_____
        WENDY GILLETTE


Sworn to before me this    July
..12 day of    200 7

Notary Public

**GLISSANDRA E. LOURIDO**
Notary Public, State of New York
No. 01LO4981057
Qualified in Nassau County
Commission Expires May 6, 20 11

PARKER & WAICHMAN

Index No. __2007060207__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

WENDY GILLETTE,

PLAINTIFF,

-AGAINST-

HILTON HOTELS CORPORATION,

DEFENDANT,

------------------------------X

SUMMONS AND VERIFIED COMPLAINT

Certification per 22NYCRR § 130-1.1a

_____

Fred R. Rosenthal

**PARKER & WAICHMAN**
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
111 Great Neck Road, 1st Floor
Great Neck, NY 11021-5402
(516) 466-6500
Fax: (516) 466-6665

To

Attorney(s) for Defendants

Service of a copy of the within                is hereby admitted.

Dated,

Attorney(s) for

__2007060207__ 3

---

─── NOTICE OF ENTRY ───

Sir:-Please take note that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within
named court on                                       20

Dated,                Yours, etc.,

**PARKER & WAICHMAN**

*Attorneys for*

*Office and Post Office Address*
111 Great Neck Road, 1st Floor
Great Neck, N.Y. 11021-5402

To

Attorney(s) for

─── NOTICE OF SETTLEMENT ───

Sir:-Please take notice that an order

of which the within is a true copy will be presented for
settlement to the Hon.
one of the judges of the within named Court, at

on                                       20

at                 M.
Dated,                Yours, etc.

**PARKER & WAICHMAN**

*Attorneys for*

*Office and Post Office Address*
111 Great Neck Road, 1st Floor
Great Neck, N.Y. 11021-5402

TO

Attorney(s) for

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————————X

WENDY GILLETTE,                                                    Index No.: 07-111017

                                    Plaintiff,                         **VERIFIED ANSWER**

                    -against-

HILTON HOTELS CORPORATION,

                                    Defendant.

———————————————————————————X

Defendant, HILTON HOTELS CORPORATION, by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for its answer to the plaintiff's verified complaint, respectfully alleges:

1.      Denies each and every allegation set forth in paragraphs numbered "2", "5", "6", "7", "9", "10", "13" "17", "20", "21" and "23".

2.      Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "1", "14", and "18".

3.      Upon information and belief denies those allegations set forth in paragraphs numbered "8", "11", "12", and "19".

4.      Denies each and every allegation set forth in paragraphs numbered "3" of plaintiff's complaint, except admits that HILTON HOTELS CORPORATION is a foreign corporation.

5.      Denies each and every allegation set forth in paragraphs numbered "3", "4", "15", "16", "22" and "24" and leaves all matters of law to the honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.      Pursuant to CPLR Article 16, the liability of defendant, HILTON HOTELS CORPORATION, to the plaintiff herein for non-economic loss is limited to defendant's,

HILTON HOTELS CORPORATION, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.     That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.     Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.  Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.     Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.  But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable

conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.     The risks and dangers, if any, were open, obvious, notorious, and apparent.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.     This case shall be dismissed under the doctrine of <u>Forum</u> <u>Non</u> <u>Conveniens</u>.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12.     Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13.     That the Court herein does not have jurisdiction over the person of the defendant, HILTON HOTELS CORPORATION, in that they were not properly served with the summons and complaint in the above action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     Plaintiff failed to mitigate damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15.     That this answering Defendant was without notice of any of the purported conditions alleged in the various complaints.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16.     That this answering Defendant did not owe the Plaintiff any of the duties alleged in this lawsuit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17.    That the defendant, HILTON HOTELS CORPORATION, exercised reasonable care at all times set forth in plaintiff's complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18.    The product in question conformed with all applicable rules, regulations, standards and requirements formulated and/or in effect at the time the product was designed or manufactured.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19.    That the plaintiff failed to use safety devices available to the plaintiff at the time of the events alleged in the plaintiff's complaint and the plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20.    The risk, defect and/or danger, if any, was trivial.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

21.    That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

22.    Plaintiff has sued the wrong entity.

WHEREFORE, defendant, HILTON HOTELS CORPORATION, demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
   November 13, 2007

        Yours, etc.,

        WHITE FLEISCHNER & FINO, LLP

        By:

        DANIEL M. STEWART
        Attorneys for Defendant
        61 Broadway - 18th Floor
        New York, New York 10006
        (212) 487-9700
        Our File No.: 105-13049-D-PAF/DMS

TO:  (See Attached Affidavit)

STATE OF NEW YORK          )
COUNTY OF NEW YORK    ) ss:

DANIEL M. STEWART, being duly sworn, deposes and says:

That he is the attorney for the defendant in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendant is that the defendant is not within the county where deponent has his office.

DANIEL M. STEWART

Sworn to before me this
13th day of November, 2007

WENDY A. JANTZ
Notary Public, State of New York
No. 01JA5033412
Qualified in Richmond County
Commission Expires January 23, 20 11

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on November 13, 2007, deponent served the within **VERIFIED ANSWER,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

Ray Silverman, Esq.
Parker & Waichman, LLP
111 Great Neck Road, Suite 101
Great Neck, New York 11021
(516) 466-6500

Wendy Jantz

Sworn to before me this
13th day of November, 2007

DANIEL M. STEWART
Notary Public, State of New York
No. 02ST5078049
Qualified in New York County
Commission Expires May 19, 20__

WENDY GILLETTE,

Plaintiff,

-against-

HILTON HOTELS CORPORATION,

Defendant.

---

## VERIFIED ANSWER

---

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, HILTON HOTELS CORPORATION*
**61 BROADWAY**
**NEW YORK, N.Y. 10006**
**(212) 487-9700**

---

*To:*
*Attorney(s) for*

---

*Service of a copy of the within*          is hereby admitted.
*Dated:*

........................
*Attorney(s) for*

---

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a
    entered in the office of the clerk of the within named Court on
NOTICE OF
ENTRY

☐  that an Order of which the within is a true copy will be presented for settlement to the Hon.
    one of the judges of the within named Court, at , on , at  .
NOTICE OF
SETTLEMENT

*Dated:*

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for*

**61 BROADWAY**
**NEW YORK, N.Y. 10006**

WENDY GILLETTE,

                        Plaintiff,                    **DEMAND FOR**
                                                      **RELIEF**

          -against-

HILTON HOTELS CORPORATION,

                        Defendant.

———————————————————————X

S I R S :

     PLEASE TAKE NOTICE that, pursuant to CPLR 3017(c) the defendant herein, HILTON HOTELS CORPORATION, hereby requests that, within twenty (20) days hereof, the plaintiff, WENDY GILLETTE, serve a supplemental demand for relief setting forth the total damages to which he deems himself entitled.

Dated: New York, New York
       November 13, 2007

                              Yours, etc.,

                              WHITE FLEISCHNER & FINO, LLP

                              By: _____
                                   DANIEL M. STEWART
                              Attorneys for Defendant
                              61 Broadway - 18th Floor
                              New York, New York 10006
                              (212) 487-9700
                              Our File No.: 105-13049-D-PAF/DMS

TO:    (See Attached Affidavit)

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
WENDY GILLETTE,

                  Plaintiff,

    -against-

HILTON HOTELS CORPORATION,

                 Defendant.

-------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANTS DEMAND FOR RELIEF**

Index No.: 07/111017

**S I R S**:

    Plaintiff by her attorneys, PARKER WAICHMAN ALONSO, LLP, as and for their Response to Defendants' Demand for Relief, respectfully sumbits as follows:

    In response to your request for a supplemental demand for relief setting forth the total damages, please be advised that plaintiff hereby demands FIVE MILLION ($5,000,000.00) DOLLARS.

Dated: New York, New York
       January 10, 2008

                  Yours, etc.

                  Raymond C. Silverman
                  Parker Waichman Alonso LLP
                  Attorneys for Plaintiff(s)
                  111 Great Neck Road
                  Great Neck, NY 11021
                  (516) 466-6500
                  File Number: 716327

TO:
White, Fleischner & Fino, Esqs.
Attorney for Defendant(s)
Hilton Hotels Corporation
61 Broadway
New York,NY,10005
(212) 487-9700

WENDY GILLETTE,

                              Plaintiff,

          -against-

HILTON HOTELS CORPORATION,

                              Defendant.

---

PLAINTIFF'S RESPONSE TO DEFENDANTS DEMAND FOR RELIEF

---

Certification per 22NYCRR § 130-1.1a

_____
            Raymond C. Silverman

## Parker Waichman Alonso LLP
*Attorneys for Plaintiff(s)*
**111 Great Neck Road**
**Great Neck, NY 11021**
**(516) 466-6500**

---

To:
Attorney(s) for

---

Service of a copy of the within            is hereby admitted.

Dated:

                    . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                    Attorney(s) for

---

*PLEASE TAKE NOTICE*
NOTICE OF
  ENTRY        that the within is a (certified) true copy of a
          entered in the office of the Clerk of the within named
          Court on                    20  .

  NOTICE       that an Order of which the within is a true copy will be
    OF         presented to the Hon.                      , one of the
SETTLEMENT     judges of the within named Court, at 60 Centre Street,
          , on
          2008, at      M.

Dated: January 10, 2008

                              Parker Waichman Alonso LLP

PARKER WAICHMAN ALONSO LLP

Great Neck Road, Great Neck, New York 11021

10008+2701

White, Fleischner & Fino, Esqs.
61 Broadway
New York, New York 10006



JAN 15 2008

HASLER

017H15528414

$0.410

01/14/2008
Mailed From 11021

US POSTAGE

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on January 25, 2008, deponent served the within **NOTICE OF REMOVAL, and CIVIL COVER SHEET,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

Ray Silverman, Esq.
Parker & Waichman, LLP
111 Great Neck Road, Suite 101
Great Neck, New York 11021
(516) 466-6500


Wendy Jantz

Sworn to before me this
25th day of January, 2008


LAUREN RICCIO MELTZER
NOTARY PUBLIC, State of New York
No. 01RI5082855
Qualified in King County
Commission Expires July 28, 2009

Docket No.:                                    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY GILLETTE,

Plaintiff,

-against-

HILTON HOTELS CORPORATION,

Defendant.

---

## NOTICE OF REMOVAL

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, HILTON HOTELS CORPORATION*
**61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700**

---

To:
Attorney(s) for

---

*Service of a copy of the within                 is hereby admitted.*
*Dated:*

........................
*Attorney(s) for*

---

PLEASE TAKE NOTICE

☐    *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*
NOTICE OF
 ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     *one of the judges of the within named Court, at , on , at   .*
NOTICE OF
SETTLEMENT

Dated:
                                    **WHITE FLEISCHNER & FINO, LLP**
          *Attorneys for*

                              **61 BROADWAY
                              NEW YORK, N.Y. 10006**