AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __New York__

WENDY GILLETTE,

V.

HILTON HOTELS CORPORATION and
HILTON INTERNATIONAL CO.,

SUPPLEMENTAL
**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:  08CV0878(RMB)

TO: (Name and address of Defendant)

Hilton Hotels Corporation
c/o United States Corp. Co
80 State Street
Albany, NY 11227

Hilton International Co.
c/o United State Corp. Co
80 State Street
Albany, NY 11227

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Parker Waichman Alonso, LLP
111 Great Neck Road
Great Neck, New York 11021

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 1 2 2008

CLERK

_Jessica Doss_

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                                    *Signature of Server*

                                          _____
                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WENDY GILLETTE,

        Plaintiff,

        -against-

HILTON HOTELS CORPORATION and
HILTON INTERNATIONAL CO.,

        Defendants,
-----------------------------------------------------------------X

**VERIFIED AMENDED COMPLAINT**

Docket No.:

JURY DEMANDED

        Plaintiff, by her attorneys, **PARKER WAICHMAN ALONSO, LLP**, complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

    1.    At the time of commencement of this action plaintiff was a resident of the State of New York.

    2.    At all times hereinafter mentioned, plaintiff is a citizen of the United States of America.

    3.    This action is based on diversity pursuant to Section 8, U.S.C. 1332.

    4.    That the amount in controversy exceeds in the sum of $75,000.00 exclusive of costs and interest.

    5.    That this cause of action arose in Karon Beach, Muang, Phuket, Thailand.

    6.    That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, owned the premises known as Hilton Phuket Arcadia Resort & Spa located at 333 Patak Road, Karon Beach, Muang, Phuket, Thailand 83100.

10. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees operated the aforesaid premises.

11. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees managed the aforesaid premises.

12. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees controlled the aforesaid premises.

13. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees maintained the aforesaid premises.

14. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees repaired the aforesaid premises.

15. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees inspected the aforesaid premises.

16. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees supervised the aforesaid premises.

17. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees operated the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

18. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees managed the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

19. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, controlled the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

20. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees maintained the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

21. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees repaired the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

22. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees inspected the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

23. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees supervised the aforesaid premises, pursuant to an agreement with defendant Hilton International Co.

24. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees operated the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

25. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees managed the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

26. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, controlled the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

27. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees maintained the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

28. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees repaired the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

29. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees inspected the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

30. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees supervised the aforesaid premises, pursuant to an agreement with Hilton International, LTD.

31. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees operated the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

32. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees managed the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

33. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, controlled the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

34. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees maintained the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

35. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees repaired the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

36. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees inspected the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

37. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton Hotels Corporation, its agents, servants and/or employees supervised the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

38. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., owned the premises known as Hilton Phuket Arcadia Resort & Spa located at 333 Patak Road, Karon Beach, Muang, Phuket, Thailand 83100.

39. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees operated the aforesaid premises.

40. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees managed the aforesaid premises.

41. That at all times hereinafter mentioned, and upon information and belief, its agents, servants and/or employees the defendant Hilton International Co., controlled the aforesaid premises.

42. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees maintained the aforesaid premises.

43. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees repaired the aforesaid premises.

44. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees inspected the aforesaid premises.

45. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees supervised the aforesaid premises.

46. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees

operated the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

47. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees managed the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

48. That at all times hereinafter mentioned, and upon information and belief, its agents, servants and/or employees the defendant Hilton International Co., controlled the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

49. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees maintained the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

50. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees repaired the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

51. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees inspected the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

52. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees

supervised the aforesaid premises, pursuant to an agreement with defendant Hilton Hotels Corporation.

53. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees operated the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

54. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees managed the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

55. That at all times hereinafter mentioned, and upon information and belief, its agents, servants and/or employees the defendant Hilton International Co., controlled the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

56. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees maintained the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

57. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees repaired the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

58. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees

inspected the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

59. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees supervised the aforesaid premises, pursuant to an agreement with Hilton International, Thailand, LTD.

60. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees operated the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

61. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees managed the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

62. That at all times hereinafter mentioned, and upon information and belief, its agents, servants and/or employees the defendant Hilton International Co., controlled the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

63. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees maintained the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

64. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees

repaired the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

65. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees inspected the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

66. That at all times hereinafter mentioned, and upon information and belief, the defendant Hilton International Co., its agents, servants and/or employees supervised the aforesaid premises, pursuant to an agreement with HLT International IP Sub Inc., California, USA.

67. That on March 13, 2007, defendant Hilton Hotels Corporation, operated a hotel on the aforesaid premises and invited members of the general public to rent rooms in the hotel for a fee.

68. That on March 13, 2007, defendant Hilton International Co., operated a hotel on the aforesaid premises and invited members of the general public to rent rooms in the hotel for a fee.

69. On March 13, 2007, a dangerous and defective condition existed on the aforesaid premises.

70. That the defendants had actual notice of the dangerous and defective condition.

71. That the defendants had constructive notice of the dangerous and defective condition.

72. That the defendants caused and created the aforesaid dangerous and defective condition.

73. On March 13, 2007, plaintiff, **WENDY GILLETTE**, was a hotel guest on the aforesaid premises known as Hilton Phuket Arcadia Resort & Spa located at 333 Patak Road, Karon Beach, Muang, Phuket, Thailand 83100.

74. On March 13, 2007, plaintiff, **WENDY GILLETTE** was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendants.

75. On March 13, 2007, while plaintiff **WENDY GILLETTE** was lawfully present on the aforesaid premises, plaintiff was caused to be injured due to the dangerous and defective condition and sustain severe and permanent injuries.

76. The above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or said defendant's servants, agents, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

77. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

78. That because of the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

79. That by reason of the foregoing, plaintiff, **WENDY GILLETTE**, has been damaged in an amount which exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, **WENDY GILLETTE**, demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of these actions.

Dated:  Great Neck, New York
        March 12, 2008

_____
FRED R. ROSENTHAL (FRR-4528)
**Parker Waichman Alonso, LLP**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
111 Great Neck Road, Suite 101
Great Neck, New York 11021
(516) 466-6500
Our File # 716327

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK

COUNTY OF Nassau        SS.:

_Wendy Gillette_ being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed Verified Amended Complaint and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

X _[signature]_

Sworn to before me this 12th day of March, 2008

_[signature]_
Notary Public

LYNDA L. LUCKMAN
Notary Public, State of New York
No. 01LU4949698
Qualified in Nassau County
Commission Expires April 17, 2011

Docket No.: 08CV0878(RMB)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WENDY GILLETTE,

                              Plaintiff,

    -against-

HILTON HOTELS CORPORATION
and HILTON INTERNATIONAL CO.,

                              Defendant.

---

SUPPLEMENTAL SUMMONS AND VERIFIED AMENDED COMPLAINT

---

Certification per 22NYCRR § 130-1.1a

_____
Fred R. Rosenthal

**Parker Waichman Alonso LLP**
*Attorneys for Plaintiff(s)*
111 Great Neck Road
Great Neck, NY 11021
(516) 466-6500

---

To:
Attorney(s) for

---

Service of a copy of the within        is hereby admitted.

Dated:

                              ................................
                              Attorney(s) for

---

*PLEASE TAKE NOTICE*

NOTICE OF
ENTRY     that the within is a (certified) true copy of a
      entered in the office of the Clerk of the within named
      Court on              20 .

NOTICE     that an Order of which the within is a true copy will be
OF            presented to the Hon.         , one of the
SETTLEMENT   judges of the within named Court, at ,
    , on
    2008, at     M.

Dated: March 12, 2008